ANSTEAD, Judge.
The petitioner, James Lee Yarbrough, seeks a writ of prohibition to prevent criminal and administrative prosecutions against him before the respondents on the grounds that he is entitled to statutory immunity from prosecution. The respondents agree that prohibition would be the appropriate procedural remedy in this case but deny that petitioner is entitled to immunity.
Petitioner is a securities broker and has been charged with the sale of unregistered securities and other breaches of the Florida Securities Act, Chapter 517, Florida Statutes (1975). In addition, administrative proceedings to revoke petitioner’s brokerage license are pending concerning the same alleged conduct.
During the course of an administrative investigation, the Division of Securities of the Department of Banking and Finance sought the assistance of the Florida Department of Criminal Law Enforcement to gain access to petitioner’s business records. Subsequently, at the request of the FDCLE, a search warrant was issued and executed at petitioner’s place of business. Petitioner contends that his business and personal documents were seized illegally by the use of the warrant and that such documents form the basis of the actions pending against him. He asserts that the warrant was secured improperly to assist the administra *1178 tive investigation wherein no right to a search warrant existed, and hence the issuance thereof was an abuse of process. He further contends that there was no probable cause for issuing the warrant, that the warrant was an improper “general” warrant, and that the warrant was illegally executed. As a result of the alleged illegal search resulting in the seizure of his personal property and the improper use of such property thereafter, the petitioner contends that he is entitled to immunity under Section 914.04, Florida Statutes (1975), which provides:
No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or State Attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation.
The petitioner contends that the improper use of the search warrant to secure his personal records was tantamount to compelling his production of incriminating evidence against himself and hence entitles him to immunity. See State ex rel. Byer v. Willard, 54 So.2d 179 (Fla.1951).
The most recent pronouncement of the Florida Supreme Court on this issue is the decision in Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977) wherein the court rejected arguments very similar to those made by petitioner here, although a subpoena duces tecum was involved, rather than a search warrant. Although Tsavaris was a 4-3 decision with Justice Sundberg filing a specially concurring opinion with the majority, the court in essence decided that a physician whose personal records were obtained through execution of a subpoena on his employee was not entitled to immunity under Section 914.04, and that suppression rather than prohibition was the appropriate remedy for Tsavaris even if his contentions as to the illegality of the seizure were sustained. We are not only bound by the decision in Tsavaris but we also feel that this case presents even more compelling circumstances for holding that immunity has not been afforded the petitioner through the state’s conduct.
In Tsavaris, Justice Hatchett, in speaking for the majority, stated:
Since in the present case, too, Dr. Tsavar-is “was not asked to say or to do anything,” federal law presents no obstacle to his prosecution. Neither do we find anything in the Florida Constitution which would immunize Dr. Tsavaris from prosecution. The Legislature has seen fit to immunize a narrow class of persons from criminal prosecution for their acts in contravention of the common good. The Legislature has determined that only those who appear before the grand jury or the state attorney and produce information that is deemed of greater value to the community than the prosecution of the witness should reap the benefits of our immunity statute. There is nothing in Article I of our Constitution, the federal constitution, or in any statute, that compels us to insulate those suspected of criminal acts from vigorous investigation and prosecution. (Id. at 752) (Emphasis supplied)
Justice Sundberg, while specially concurring, agreed that Tsavaris was not entitled to immunity. And as to this issue, Willard, supra, was implicitly overruled by Tsavaris. Here, too, since Yarbrough “ ‘was not asked to say or do anything’ ”, the Fifth Amendment of the United States Constitution presents no obstacle to his prosecution. Yarbrough did not testify before the grand jury or the state attorney nor was he personally compelled to produce any records. Hence, pursuant to Tsavaris, neither our *1179 state or federal constitution nor Section 914.04 entitles petitioner to immunity. And, unlike the situation in Tsavaris, where the subpoena was issued under the prosecutor’s authority and the potential for prose-cutorial abuse is always present, this case involves the intervention of a neutral and impartial magistrate who was called upon to issue a search warrant only upon a proper showing of probable cause by the state. In addition, if in fact the warrant was unlawfully issued or executed, the petitioner would be entitled to suppression of any evidence illegally seized.
Accordingly, the suggestion for writ of prohibition is hereby denied.
MOORE and BERANEK, JJ., concur.